IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **ROBERT MACK, BRIAN DUDANIEC ROBERT CINTRON, RHENDO WHETSTONE and CAREY NICKS,** each individually and on behalf of All others similarly situated,<br><br>**Plaintiff,**<br><br>-against-<br><br>**STONEMARK MANAGEMENT, LLC,**<br><br>**Defendant.** | Case No.<br><br>**COLLECTIVE ACTION COMPLAINT** |

COME NOW Plaintiffs Robert Mack, Brian Dudaniec, Robert Cintron, Rhendo Whetstone and Carey Nicks, each individually and on behalf of all others similarly situated ("Plaintiffs"), by and through their attorneys C. Andrew Head and Bethany Hilbert of Head Law Firm, LLC, and Daniel Ford and Josh Sanford of Sanford Law Firm, PLLC, and for their Collective Action Complaint against Defendant Stonemark Management, LLC ("Defendant"), they do hereby state and allege as follows:

## I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiffs, each individually and on behalf of other hourly paid Maintenance Workers employed by Defendant at any time beginning three years preceding the filing of this Complaint (collectively, the "Maintenance Workers").

2. Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, costs, and reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiffs and the Maintenance Workers lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Defendant's headquarters and principal place of business are located within the Atlanta Division of the Northern District of Georgia.

6. Venue is proper within this district pursuant to 28 U.S.C. § 1391.

7. Defendant does business in this district and a substantial part of the alleged events and policies affecting Plaintiffs occurred in this district.

8. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiffs challenge are located in this district.

## III.   THE PARTIES

9. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

10. Plaintiffs Robert Mack, Brian Dudaniec, and Carey Nicks are individual residents and domiciliaries of the State of Mississippi. They were each employed by Defendant as hourly paid Maintenance Workers.

11. Plaintiff Robert Cintron is an individual and resident and domiciliary of the State of Florida. He was employed by Defendant as an hourly paid Maintenance Worker.

12. Plaintiff Rhendo Whetstone is an individual and resident and domiciliary of the State of Alabama. He was employed by Defendant as an hourly paid Maintenance Worker.

13. Stonemark Management, LLC, is a limited liability company incorporated under the laws of the State of Georgia.

14. Plaintiffs worked for Defendant as Maintenance Workers within the period beginning three (3) years preceding the filing of this Complaint.

15. Plaintiffs were paid an hourly rate.

16. Plaintiffs were "employees" as defined by the FLSA.

17. At all times material herein, Plaintiffs have been entitled to the rights, protection and benefits provided under the FLSA.

18. Defendant owns and operates numerous large-scale residential properties throughout Georgia and other locations throughout the United States.

19. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

20. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

21. Defendant has a website (stonemarkmanagementllc.com) which states its business, while headquartered in Atlanta, has a property portfolio of owned and

operated properties in states across the Southeast, including Georgia, Florida, Mississippi, Virginia, Texas, Alabama and Tennessee. The website gives the company's central address as 400 Interstate North Parkway, Suite 1300, Atlanta, Georgia 30339.

22. Defendant's registered agent for service of process is listed as Michael C. Taylor, 400 Interstate North Parkway, Suite 1300, Atlanta, Georgia 30339.

23. Defendant was at all times relevant hereto Plaintiffs' employer, as well as the employer of the Maintenance Workers.

24. Defendant is and has been engaged in interstate commerce as those terms are defined under the FLSA.

## IV.   FACTUAL ALLEGATIONS

25. Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

26. During part of the three (3) years prior to the filing of this lawsuit, Plaintiffs and the Maintenance Workers worked for Defendant as Maintenance Workers at Defendant's locations in Mississippi and Florida.

27. Defendant directly hired Plaintiffs and the Maintenance Workers, paid them wages and benefits, controlled their work schedules, duties, protocols,

applications, assignments and employment conditions, and kept at least some records regarding their employment.

28. Plaintiffs and the Maintenance Workers provided on-site maintenance services to the residents of Defendant's properties.

29. Plaintiffs and the Maintenance Workers were classified as hourly employees and paid an hourly rate.

30. Plaintiffs and the Maintenance Workers regularly worked in excess of forty (40) hours per week.

31. Plaintiffs and the Maintenance Workers, on a rotating schedule, in addition to their regular work schedule, were required to be on emergency call for on-site maintenance work, though they did not live on site.

32. Plaintiffs and the Maintenance Workers, while on call, would respond to a call, spend time on the phone discussing the maintenance work that needed to be performed, select and load into their vehicle the proper tools based on the maintenance work required, drive to Defendant's property, and perform on-site maintenance repair or services in addition to their normal work schedule.

33. It was Defendant's common practice to not pay Plaintiffs and the Maintenance Workers for all of the time they spent responding to emergency calls, traveling to Defendant's properties after loading specific tools for the purpose of

performing work at Defendant's properties, and performing the maintenance work itself.

34. As a result, Defendant did not pay Plaintiffs and the Maintenance Workers a proper overtime rate of one and one-half (1.5) times their regular rate for all hours in excess of forty (40) in a week during weeks in which Plaintiffs were on call.

35. Plaintiffs and the Maintenance Workers were and are entitled to overtime compensation in the amount of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a week.

36. Defendant paid Plaintiffs and the Maintenance Workers overtime compensation for some hours worked in excess of forty (40) hours per week, but refused to pay Plaintiffs and the Maintenance Workers for all hours worked, even though Defendant was aware of those additional hours worked.

37. Plaintiffs complained to Defendant regarding the non-payment of overtime compensation for all hours worked beyond forty (40) in a given week, but no action was taken.

38. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiffs and the Maintenance Workers violated the FLSA.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

39. Plaintiffs repeat and re-allege all previous paragraphs of this Original Complaint as if fully set forth in this section.

40. Plaintiffs brings their claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

41. Plaintiffs bring their FLSA claims on behalf of all hourly paid Maintenance Workers employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

    a) Payment for all hours worked, including payment of overtime premiums for all hours worked for Defendant in excess of forty (40) hours in a workweek; and

    b) Liquidated damages and/or prejudgment interest, and attorneys' fees and costs.

(the "Collective Action Members").

42. In conformity with the requirements of FLSA Section 16(b), Plaintiffs have attached hereto as Exhibit "A" their written Consents to Join this lawsuit.

43. The relevant time period begins three years from the date on which Plaintiffs' Collective Action Complaint was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

44. The Collective Action Members are similarly situated in that they share these traits:

   a) They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

   b) They were paid hourly;

   c) They recorded their time in the same manner; and

   d) They were subject to Defendant's common practice of denying pay for all hours worked, including overtime pay for some hours worked over forty (40) per work week.

45. Plaintiffs are unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds 100 persons.

46. Defendant can readily identify the Collective Action Members. The names and physical and mailing addresses of the Collective Action Members are available from Defendant, and a Court-approved Notice should be provided to the Collective Action Members via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon

as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

## VI.  FIRST CLAIM FOR RELIEF

### (Individual Claims for Violation of FLSA)

47. Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

48. 29 U.S.C. § 206 and 29 U.S.C. § 207 requires employers to pay employees one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C. § 206; 29 U.S.C. § 207.

49. Defendant failed to pay Plaintiffs a proper overtime rate of one and one-half (1.5) times their regular rate for all hours worked over forty (40) hours per week, despite their entitlement thereto.

50. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

51. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for, and Plaintiffs seek, unpaid overtime wages, liquidated damages, pre-judgment interest if liquidated damages are not awarded in full, costs, and attorneys' fees as provided by the FLSA.

## VII.  SECOND CLAIM FOR RELIEF

### (Collective Action Claim for Violation of FLSA)

52. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

53. Plaintiffs assert this claim on behalf of the Collective Action Members to recover monetary damages owed by Defendant to Plaintiffs and the Collective Action Members for unpaid overtime compensation for all the hours he and they worked in excess of forty (40) each week.

54. Plaintiffs brings this action on behalf of themselves and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

55. 29 U.S.C. § 206 and 29 U.S.C. § 207 require employers to pay employees one and one-half (1.50) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C. § 206; 29 U.S.C. § 207.

56. Defendant failed to pay Plaintiffs and the Collective Action Members a proper overtime rate of one and one-half times (1.5) their regular rate for all hours worked over forty (40) hours per week, despite their entitlement thereto.

57. Defendant deliberately chose to only pay Plaintiffs and the Collective Action Members certain overtime premiums for only some of their overtime hours worked.

58. Defendant failed to keep records of the start and stop times of all hours worked by Plaintiffs and the Collective Action Members.

59. Because the Collective Action Members are similarly situated to Plaintiffs, and are owed overtime for the same reasons, the proposed collective is properly defined as follows:

**All hourly-paid Maintenance Workers who were paid by Defendant on a pay date within the period beginning three years preceding the filing of this Complaint.**

60. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

61. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and the Collective Action Members for, and Plaintiffs and the Collective Action Members seek, unpaid overtime wages, liquidated damages, pre-judgment interest if liquidated damages are not awarded in full, costs, and attorneys' fees as provided by the FLSA.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Robert Mack, Brian Dudaniec, Robert Cintron, Rhendo Whetstone and Carey Nicks, each individually and on behalf of all others similarly situated respectfully pray that the Court enter judgment in favor of Plaintiffs and the Collective Action Members providing the following:

A.  That Defendant be required to account to Plaintiffs and the collective action members for all of the hours worked by Plaintiffs and the collective action members and all monies paid to them;

B.  A declaratory judgment that Defendant's practices alleged herein violate the FLSA and its attendant regulations;

C.  Certification of a collective action, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

D.  Judgment for damages for all unpaid minimum and overtime compensation under the FLSA and its attendant regulations;

E.  Judgment for liquidated damages pursuant to the FLSA and its attendant regulations, in an amount equal to all unpaid minimum and overtime

compensation owed to Plaintiffs and members of the collective action during the applicable statutory period;

F.   An order directing Defendant to pay Plaintiffs and members of the collective action reasonable attorneys's fees and all costs connected with this action, and pre-judgment interest if not precluded by an award in full of all available liquidated damages; and

G.   Such other and further relief as this Court may deem necessary, just and proper.

                              Respectfully submitted,

*/s/ C. Andrew Head*
C. Andrew Head, GA Bar No. 341472
Bethany Hilbert (to be admitted pro hac vice)
HEAD LAW FIRM, LLC
4422 N. Ravenswood Ave.
Chicago, IL 60640
T: (404) 924-4151
F: (404) 796-7338
E: ahead@headlawfirm.com
bhilbert@headlawfirm.com

Josh Sanford (to be admitted pro hac vice)
josh@sanfordlawfirm.com
Daniel Ford (to be admitted pro hac vice)
daniel@sanfordlawfirm.com
SANFORD LAW FIRM

One Financial Center
650 S. Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040