IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBERT MACK, BRIAN DUDANIEC, ROBERT CINTRON, RHENDO WHETSTONE and CAREY NICKS, each individually and on behalf of All others similarly situated,<br><br>        Plaintiffs,<br>v.<br><br>STONEMARK MANAGEMENT, LLC,<br><br>        Defendant. | CIVIL ACTION NO.:<br>1:19-CV-00264-SCJ |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

COME NOW Plaintiffs Robert Mack, Brian Dudaniec, Robert Cintron, Rhendo Whetstone and Carey Nicks (collectively "Plaintiffs") and Defendant Stonemark Management, LLC ("Stonemark" or "Defendant"), and pursuant to Local Rule 16.2, submit the following Joint Preliminary Report and Discovery Plan.

1. **Description of the Case:**

    a. **Describe briefly the nature of this action:**

Plaintiffs bring this action as a collective action to recover allegedly unpaid overtime compensation, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, on behalf of themselves and other maintenance workers who worked for Stonemark across the country during the statutory period. Plaintiffs allege that they, and those they seek to represent, are owed overtime pay for hours spent responding to emergency maintenance requests from Stonemark's tenants while "on call." Plaintiffs seek to recover unpaid wages, including overtime compensation, that they claim are due, as well as liquidated

1

damages. Plaintiffs also seek to be reimbursed for their expenses of litigation, including reasonable attorneys' fees.

Defendant denies Plaintiffs' allegations and contends Plaintiffs have been properly paid for all hours worked. Defendant denies that Plaintiffs or the individuals they seek to represent are owed any additional wages, or that they are entitled to liquidated damages or attorneys' fees. Further, Defendant contends the putative plaintiffs are not similarly situated, and therefore certification of this matter as a collective action would be improper.

> **b. Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

### Plaintiffs' Summary

Plaintiffs contend that they, as maintenance workers at multiple of Defendants' property locations in several different states, were uniformly required to be "on call" for certain rotating periods of time during the course of their employment. During this "on call" time, Plaintiffs were required to respond to maintenance calls, which included time spent on the phone discussing the details of the needed repairs, loading their trucks with specific tools to fix and deal with the repair, driving to the location of the repair, and the time spent at Defendant's location.

Plaintiffs contend that they were not compensated for the full amount of time, or sometimes any amount of time, spent responding to these calls while "on call," including but not limited to the specific tasks outlined in the preceding paragraph.

### Defendants' Summary

Defendant contends that Plaintiffs were properly compensated for all hours worked, including payment of one-and-a-half times their regular rate of pay for all hours worked in excess of forty hours in a week. Defendant's policies require employees to properly record all hours worked, and provide for the payment for all work hours recorded. Further, Defendant's policies provide for additional compensation to Plaintiffs for travel to and from the locations during emergency maintenance calls, in excess of what is required under the FLSA. Defendant further contends that Plaintiffs, at all times spent "on-call", were "waiting to be engaged" such that their claims for unpaid wages are not viable.

Further, Defendant contends the putative plaintiffs are not similarly situated, because, among other reasons, they worked in different positions for different supervisors across dozens of different work locations across the country. Importantly, Plaintiffs seek to include "groundskeepers" who are not customarily included in the "on-call" system and who perform substantially different job duties and hold different certifications as it relates to repairs. As such, the individualized inquiries required to determine whether Plaintiffs and those they seek to represent were subject to a single uniform "comp time" policy render this case inappropriate for collective action certification.

### c. The legal issues to be tried are as follows:

(a) Whether Plaintiffs and the putative class were paid the statutory overtime rate for all hours worked over forty in a given week.

(b) Whether a collective action is appropriate under the facts and circumstances of this case.

(c) Whether Defendant acted willfully to extend the FLSA limitations period to three years.

(d) Whether Defendant can prove that violations of the FLSA, if any, were made in good faith so as to avoid the award of liquidated damages.

(e) Whether Plaintiffs' claims or the claims of those they seek to represent are barred by the various defenses set forth in Defendant's answer or motion to dismiss.

(f) What are the damages, if any, due the Plaintiffs and those individuals they seeks to represent in the event of a finding any such damages are due, and if so, the types and amounts of those damages.

Discovery has not yet begun in this action and the parties reserve the right to amend, modify, or supplement the legal issues stated herein.

    d. The case listed below (include both style and action number) are:

**(1) Pending Related Cases:**

None

**(2) Previously Adjudicated Related Cases:**

None

2. **This case is complex because it possesses one (1) or more of the features listed below (please check):**

   __X__ (1) Unusually large number of parties.
   _____ (2) Unusually large number of claims or defenses.
   _____ (3) Factual issues are exceptionally complex.
   __X__ (4) Greater than normal volume of evidence.
   __X__ (5) Extended discovery period is needed.
   _____ (6) Problems locating or preserving evidence.
   _____ (7) Pending parallel investigations or action by government.
   _____ (8) Multiple use of experts.
   _____ (9) Need for discovery outside United States boundaries.
   _____ (10) Existence of highly technical issues and proof.
   __X__ (11) Unusually complex discovery of electronically-stored information

3. **Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

**Plaintiffs**

Josh Sanford
Sanford Law Firm, PLLC
Offices in Little Rock and Russellville, Arkansas
Email: josh@sanfordlawfirm.com

One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211

Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Brandon A. Thomas
The Law Offices of Brandon A. Thomas, PC
1 Glenlake Parkway, Suite 650
Atlanta, GA 30328
Telephone: 678.330.2909
Facsimile: 678.638.6201

**Defendants**

Lauren H. Zeldin
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
191 Peachtree Street, NE, Suite 4800
Atlanta, GA 30303
Telephone: (404) 881-1300
Facsimile: (404) 870-1732
lauren.zeldin@ogletree.com

4.  **Jurisdiction:**

   **Is there any question regarding this court's jurisdiction?**

   ____ Yes          __X__ No

   If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5.  **Parties to This Action:**

(a)  The following persons are necessary parties who have not been joined:

   None known at this time.

(b)  The following persons are improperly joined as parties:

None known at this time.

**(c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

None known at this time.

**(d)    The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name:**

The parties agree to inform the court should any such contentions become known.

**6.    Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

**(a)    List separately any amendments to the pleadings which the parties anticipate will be necessary:**

None anticipated at this time.

**(b)    Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.    Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

      **(a)**    *Motions to Compel*:  before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

      **(b)**    *Summary Judgment Motions*: within thirty (30) days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

      **(c)**    *Other Limited Motions*:  refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

      **(d)**    *Motions Objecting to Expert Testimony*:  *Daubert* motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

**8.**    **Initial Disclosures**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26.  If a party objects that initial disclosures are not appropriate, state the party and the basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).**

The parties agree to serve initial disclosures within 60 days of the filing of this Joint Report.

**9.**    **Request for Scheduling Conference**

**Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.**

The Parties do not request such a conference at this time.

**10.**    **Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first defendant by answer to complaint.  As stated in LR**

7

**26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and services copies of the complaint at time of filing.**

**Please state below the subjects on which discovery may be needed:**

Plaintiffs' claims, Defendant's defenses, and the amount of damages, if any.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The Parties jointly propose as follows:

**First Phase of Discovery:** The first phase of discovery shall focus on Section 216(b) conditional certification issues, pursuant to the following schedule:

| | |
|---|---|
| Discovery begins: | Upon entry of the Court's Scheduling Order |
| Plaintiffs' conditional certification motion due: | 60 days after entry of Court's Scheduling Order |
| Defendant's response due: | 30 days after Plaintiffs' motion |
| Plaintiff's reply due: | 14 days after Defendant's response |

**Second Phase of Discovery:**

Within fourteen (14) days of the Court's ruling on Plaintiffs' conditional certification motion, the Parties will confer and jointly file an Amended Joint Preliminary Planning Report to provide for remaining discovery.

11. **Discovery Limitation:**

    **a. What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

    The parties have proposed discovery limits and deadlines as discussed above.

    **b. Is any party seeking discovery of Electronically-Stored Information?**

    \_\_\_\_X\_\_\_ Yes            _____ No

    **If "yes,"**

    **(1)   The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

    The parties will confer regarding the scope of potentially relevant ESI requested during the course of discovery and agree upon search terms to govern collection and production of the same. The parties will also confer regarding the terms of an ESI Protocol Agreement that will govern searching and production of ESI in this case.

    **(2)   The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk),**

**and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The parties agree that production of ESI (with the exception of any data production) shall be produced as black and white searchable PDF files at 300 dpi resolution or greater to the extent possible. All electronic documents attached to an email are to be produced contemporaneously and sequentially immediately after the parent email. All documents shall be Bates-labeled to the extent possible. The parties will discuss any metadata issues with the goal of meeting the Parties' respective discovery needs and obligations.

In circumstances where a party is asserting that data is not reasonably accessible, that party shall provide to the other party an explanation as to why the information is not reasonably accessible and of the undue burden or cost associated with retrieving the data. If the party requesting the information still insists on its production, the parties shall attempt to reach an agreement on sharing the cost of retrieving such data prior to bringing a motion to compel or motion for protective order with the Court.

    c. **Claims of Privilege**

The parties will confer, in good faith, to agree upon the terms of a proposed Order governing the production of confidential information, which includes a process for the handling of any claims of privilege or of protection as trial-preparation material asserted after production.

**12. Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The parties have discussed the confidentiality of certain information and documents which may be requested and produced during the litigation of this matter. The parties have agreed to confer in good faith regarding the scope of a mutually-acceptable consent protective order to be filed with the Court prior to any such information being exchanged.

**13. Settlement Potential:**

**(a)     Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on April 26, 2019, and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.**

For Plaintiff:  Lead counsel (signature)  /s/*Josh Sanford*

For Defendants:  Lead counsel (signature)  /s/*Lauren H. Zeldin*

Other participants: Luke Donohue (counsel for Defendants)

**(b)     All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

(  X  )  A possibility of settlement before discovery.

(  X  )  A possibility of settlement after discovery.

(_____)  A possibility of settlement, but a conference with the judge is needed.

(_____)  No possibility of settlement.

**(c)     Counsel (  X  ) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.**

The proposed date of the next settlement conference is not yet known, but counsel for both parties will continue to discuss the possibility of resolution**.**

**(d)     The following specific problems have created a hindrance to settlement of this case:**

Due to the nature of the claims, Plaintiffs' request to proceed collectively and as a collective, the proposed scope of the class, and the lack of discovery to date, the Parties are not in a position to settle this case at this juncture.

**14.     Trial by Magistrate Judge:**

**Note:  Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

**(a)** The parties (\_\_\_) do consent to having this case tried before a magistrate judge of this court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day, _____, of 200\_\_.

**(b)  The parties (__X__) do not consent to having this case tried before a magistrate judge of this court.**

Respectfully submitted this 8th day of May, 2019.

| | |
|---|---|
| *s/Brandon A. Thomas*<br>Brandon A. Thomas<br>The Law Offices of Brandon A. Thomas, PC<br>1 Glenlake Parkway, Suite 650<br>Atlanta, GA 30328<br>Telephone: 678.330.2909<br>Facsimile: 678.638.6201<br>Brandon@overtimeclaimslawyer.com<br><br>Josh Sanford<br>(to be admitted pro hac vice)<br>Sanford Law Firm, PLLC<br>One Financial Center<br>650 S. Shackleford, Suite 411<br>Little Rock, AR  72211<br>Telephone: 501.221.0088<br>Fax: 888.787.2040<br>josh@sanfordlawfirm.com<br><br><br>Counsel for Plaintiffs | *s/Lauren H. Zeldin*<br>Lauren H. Zeldin<br>Georgia Bar No. 368999<br>Luke Donohue<br>Georgia Bar No. 193361<br>Ogletree, Deakins, Nash,<br>  Smoak & Stewart, P.C.<br>One Ninety One Peachtree Tower<br>191 Peachtree St. NE, Ste. 4800<br>Atlanta, GA  30303<br>Telephone:  404.881.1300<br>Fax:  404.870.1732<br><br>lauren.zeldin@ ogletree.com<br>luke.donohue@ ogletree.com<br><br>Counsel for Defendant |

* * * * *

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified.

IT IS SO ORDERED, this _____ day of _____, 2019.

_____
STEVE C. JONES
UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBERT MACK, BRIAN DUDANIEC, ROBERT CINTRON, RHENDO WHETSTONE and CAREY NICKS, each individually and on behalf of All others similarly situated,<br><br>        Plaintiffs,<br>v.<br><br>STONEMARK MANAGEMENT, LLC,<br><br>        Defendant. | CIVIL ACTION NO.:<br>1:19-CV-00264-SCJ |

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2019, the foregoing **Joint Preliminary Planning Report and Discovery Plan** was electronically with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Brandon A. Thomas
The Law Offices of Brandon A. Thomas, PC
Brandon@overtimeclaimslawyer.com

Josh Sanford
Sanford Law Firm, PLLC
Josh@sanfordlawfirm.com

                                            *s/Lauren H. Zeldin*
                                            Lauren H. Zeldin
                                            Georgia Bar No. 368999

                                            Counsel for Defendant